UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILFRED EDWARDS,

        Plaintiff,

v.                                     Case No. 3:22-cv-299-BJD-JBT

MIKE WILLIAMS,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Wilfred Edwards, a pretrial detainee at the Montgomery Correctional Center, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.). Plaintiff has not paid the filing fee or moved to proceed as a pauper. Plaintiff seeks to sue Sheriff Mike Williams for alleged violations of the Fifth and Fourteenth Amendments because he "could not write grievances." Compl. at 3-4 (internal punctuation omitted). Other than to say the "tablets [are] still down," Plaintiff offers no factual allegations. Id. at 6-7. For instance, he does not say what issues he would grieve if he were able to file grievances. He suffered no physical injuries. Id. at 5. As relief, he seeks $999,999. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious,

or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B),[1] 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's

---

[1] 28 U.S.C. § 1915(e)(2)(B) applies to "[p]roceedings in forma pauperis." Plaintiff is not proceeding as a pauper, but given he has not paid the filing fee and he recently declared his indigency in a different case he initiated in this Court, see Edwards v. Cathedoul Tower, Case No. 3:22-cv-00254-MMH-JBT (Doc. 2), it appears his intention is to proceed in forma pauperis.

allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim for the violation of civil rights, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. Plaintiff alleges only that the tablets at the jail have "been down," and he has been unable to file grievances. Compl. at 4, 6-7. Accepting as true that Plaintiff has been unable to submit grievances, he fails to state a plausible claim under the Fourteenth Amendment. "[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011).

Plaintiff also fails to state a plausible claim under the Fifth Amendment because he names as the sole Defendant a state actor, Sheriff Mike Williams. The Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989).

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March 2022.

                                        BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:
Wilfred Edwards